```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

JOHN JESSE WORK,                    )
                                    )
         Plaintiff                  )
                                    )     Case 3:10-0807
v.                                  )     Judge Trauger/Brown
                                    )
DICKSON COUNTY JAIL, et al.,        )
                                    )
         Defendants                 )

TO: THE HONORABLE ALETA A. TRAUGER

### REPORT AND RECOMMENDATION

Presently pending are motions to dismiss by all Defendants (Docket Entry 29) and a motion for default against certain of the Defendants by the Plaintiff (Docket Entry 34). For the reasons stated below, the Magistrate Judge recommends that the motion for default by the Plaintiff be DENIED and that the motion to dismiss be GRANTED, and that this case be DISMISSED.

### Background

The Plaintiff, proceeding in *forma pauperis*, filed a complaint against the Dickson County Jail and a number of employees on August 26, 2010 (Docket Entry 1). The complaint alleges that on July 3, 2010, while he was being moved to the new jail he was stopped by Defendants Felts and Albert and his personal property was taken. Later that day, when his property was returned to him by two other correctional officers, he was advised that Defendant Young had taken his personal mail from his property. He alleges that a short time later Defendant Young told him that he had taken

the mail at the request of a Dickson County detective. Two days later he asked Defendants Albert and Cannon about his mail. He alleges that on July 13, 2010, Defendant Young advised him that he had taken the mail because the detective wanted it and that he had placed it in an evidence bag and that it was left for the detective, but the detective did not get it and that, although they had made an inquiry and search, the mail was lost. Plaintiff alleges that the mail consisted of letters and cards from his friends and family and also legal paperwork from his attorney.

Plaintiff subsequently amended his complaint (Docket Entry 16) to allege that on October 15, 2010, during his preliminary hearing in General Sessions Court of Dickson County concerning charges against him for theft by fraud and conspiracy to commit theft by fraud, that Detective B.J. Crawford of the Dickson County Sheriff's Office testified that he had instructed the Dickson County Jail personnel to seize his mail as part of an investigation against the Plaintiff. Plaintiff states that Detective Crawford testified that he did not receive the mail due to its being lost by the Dickson County Jail personnel. Plaintiff alleges that they had no search warrant to support the seizure of his mail.

Due to a confusion over service of process in this matter, the only Defendant to formally answer was Defendant Albert (Docket Entry 17). Defendant Albert in his *pro se* response simply

2

states that he had no knowledge of the mail and that the Plaintiff had asked him every day about his mail and that he had told the Plaintiff that he did not know where his mail was.  The issues concerning service of process were subsequently withdrawn and all Defendants in the matter are now represented by counsel.  As of December 29, 2010, all Defendants filed a motion to dismiss (Docket Entry 29).  No other Defendant filed an answer.  Following the motion to dismiss on January 3, 2011, the Plaintiff filed a motion for default judgment against all Defendants except Defendant Albert.  The Defendants filed a response to the motion to dismiss (Docket Entry 51).

The Magistrate Judge held a hearing on the matter on February 3, 2011, at which the Plaintiff testified about details in his complaint.  The parties were allowed to supplement their pleadings following that hearing.  The Plaintiff filed a supplemental response (Docket Entry 60) on February 15, 2011.  The Defendants chose to stand on their original memorandum (Docket Entry 30).

## Legal Discussion

The claims resulting from the loss of the Plaintiff's property may easily be disposed of.  A prisoner's claim for the loss of personal property fails to state a cognizable action under 42 U.S.C. § 1983, *Id*., even if the loss of property was the result of intentional misconduct.  *Hudson v. Palmer*, 468 U.S. 517 (1984).

This general proposition is inapplicable only when the State fails to provide an inmate with an adequate post-deprivation remedy. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-436 (1982). In this regard, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. *McLaughlin v. Weathers*, 170 F.3d 577, 581-82 (6th Cir. 1999). Therefore, in the absence of any allegations suggesting that the Plaintiff has been denied the due process safeguards guaranteed to him by State law, the Plaintiff has failed to state a claim upon which relief can be granted for the loss of his property.

Likewise, the seizure of property even in a criminal case is not overly complex. The Supreme Court in *Hudson v. Primer*, 468 U.S. 517 (1984) concluded that prisoners have no legitimate expectation of privacy, thus the Fourth and Fourteenth Amendments, prohibition of unreasonable searches, do not apply in a prison setting. Although the Plaintiff does point out that he was a pretrial detainee and not a sentenced prisoner, and that he resided at minimal security with a number of other prisoners in his pod, the Supreme Court chose to draw a bright line on this issue.

There are cases which seem to draw a distinction that searches and seizures of prisoners' property can, under certain circumstances, implicate other Constitutional provisions such as the First Amendment and the Fifth and Sixth Amendments. The majority in *Palmer* pointed out that even though the prisoner does not have any reasonable expectation of privacy, enabling him to

4

invoke the protections of the Fourth Amendment, does not mean that he is without a remedy for calculated harassment unrelated to prison needs. *Hudson* at 530.

Taking Plaintiff's complaint as true on factual claims and taking it in the light most favorable to him, the Plaintiff does allege that the authorities seized legal paperwork from his attorney (Docket Entry 1, p. 5). In his amended complaint (Docket Entry 16) he alleges that his mail was seized without a warrant, pursuant to a criminal investigation being conducted by the Dickson County Sheriff's office. He does not allege that any information secured from his mail was used again him in a criminal proceeding, nor does he allege any actual disruption of his access to the court.

The motion to dismiss is to be decided on the complaint itself. Nevertheless, out of an abundance of caution, the Magistrate Judge did conduct a hearing in the matter and allowed the Plaintiff to testify. The Plaintiff at that hearing did testify that he had in his legal mail correspondence with his two attorneys about his pending criminal cases and discussion of legal strategy. He did state that there was some delay in reassembling the materials. However, he was unable to state that any matters discussed in his legal papers were used against him or that there was any significant prejudice to his criminal cases.

Without some showing of a use of privileged material being used against him, or that the seizure of the papers causing

5

a loss of access to the court, the Magistrate Judge is unable to find the Constitutional violation under either the First, Fifth, Sixth, or Fourteenth Amendments to the Constitution. This is not a case such as *Powell v. Schriver,* 175 F.3d 107 (2nd Cir. 1999) where an inmate's medical history was seized and disclosed to other individuals at the prison and the prison authorities had no legitimate reason to search.

In the case of *Rogers v. State*, 783 So.2d 981 (Fla. 2001), the Court in reviewing the seizure of legal material, found that where there was no evidence that the materials had, in fact, been used against the prisoner that prejudice could not be shown and they declined to grant him relief in appealing his criminal conviction. In making this ruling, the Florida Supreme Court opined that the Supreme Court case in *Hudson* would not justify a search where an investigator in the State Attorney's office conducted a search of the prisoner's materials and seized documents directly related to the case being prosecuted by the State's attorney. They held that there was no legitimate need to search his cell for institutional security and the search was directly related to a case being prosecuted.

The Florida Supreme Court nevertheless held that since the trial court took action to insure that the seized papers were not used by the prosecution, there was no violation sufficient to justify a reversal of the criminal conviction. The *Roger* case did not involve a civil action for violation of 42 U.S.C. 1983.

However, the language of the Court certainly gives some plausibility to the theory that there are searches which can implicate Constitutional violations.

The Defendants in their memorandum in support of their motion to dismiss in Docket Entry 30, fn. 1 deny that there was any legal mail involved in the seizure. For the purpose of this report and recommendation, taking the facts as alleged by the Plaintiff as true, the Magistrate Judge is proceeding on the basis that some legal mail was involved.[1] Although recommending dismissal of the charges, the Magistrate Judge has serious concerns over the propriety of such a search and seizure, absent a search warrant which could be easily obtained. Where a deliberate search and seizure was done without a search warrant, at the very least there should have been specific directions to avoid the seizure of privileged communications between a client and his defense attorney. The Magistrate Judge commends the reading of the *Rogers* case to all concerned.

In the end, given the facts alleged, the Magistrate Judge is unable to find a constitutional violation absent some use of the material seized.

---

[1] Although not considered by the Magistrate Judge, it appears that some of the jail personnel questioned a directive from the detective, to seize mail and were specifically advised by the District Attorney's office that the procedure was proper.

**Recommendation**

For the reasons stated above, the Magistrate Judge recommends that the motion for default (Docket Entry 34) be **DENIED**, that the motion to dismiss (Docket Entry 29) be **GRANTED**, and that this case be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 14 days, from receipt of this Report and Recommendation, in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have 14 days, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 15th day of March, 2011.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge