UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| JOHN JESSE WORK | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:10-0807 |
| | ] | Judge Trauger |
| DICKSON COUNTY JAIL, et al. | ] | |
| Defendants. | ] | |

# M E M O R A N D U M

On March 15, 2011, the Magistrate Judge issued a Report and Recommendation (Docket Entry No.61) urging the Court to deny the plaintiff's Motion for Default Judgment (Docket Entry No.34) and grant the defendants' Motion to Dismiss (Docket Entry No.29). The plaintiff has filed timely objections (Docket Entry No.64) to the Report and Recommendation. For the reasons stated below, the Court finds that plaintiff's objections lack merit and should be overruled.

## I. Motion for Default Judgment

The complaint (Docket Entry No.1) initiating this action was filed on August 26, 2010. Before responsive pleadings were received, the plaintiff filed an amendment (Docket Entry No.19) to the complaint.

The defendants responded with the filing of their Motion to Dismiss (Docket Entry No.29). Shortly thereafter, the plaintiff

submitted a Motion for Default Judgment (Docket Entry No.34), seeking judgment against all but one of the defendants.[1]

Default judgment is appropriate when a party has failed to plead or otherwise defend the action. Rule 55(a), Fed.R.Civ.P. Before filing his Motion for Default Judgment, the defendants had already filed an Answer and a Motion to Dismiss. The defendants have taken those steps necessary to plead or otherwise defend the action. Therefore, the Magistrate Judge correctly recommended that plaintiff's Motion for Default Judgment should be denied.

## II. Motion to Dismiss

The plaintiff alleges that, on July 3, 2010, guards at the Dickson County Jail seized his mail upon the instructions of a Dickson County detective. The mail allegedly included letters and cards from friends and family as well as legal correspondence from plaintiff's attorneys.

The mail was never returned to the plaintiff. When he asked guards what happened to it, he was told the mail was placed in an evidence folder but was lost before it could be passed on to the detective. The plaintiff claims that the seizure of his mail was a violation of his constitutional rights. Docket Entry No.1 at pg.5.

The loss of a prisoner's personal property does not rise to the level of a constitutional deprivation unless the State fails to provide the prisoner with an adequate post-deprivation remedy.

---

[1] The plaintiff is not seeking default judgment against Deputy Alberd, the lone defendant to file an Answer (Docket Entry No.20).

Logan v. Zimmerman Brush Co, 455 U.S. 422, 435-36 (1982). Tennessee does provide the plaintiff with such a remedy. McLaughlin v. Weathers, 170 F.3d 577, 581-82 (6th Cir.1999). Thus, the loss of plaintiff's mail is not actionable here.

The plaintiff does suggest, however, that the loss of his mail is actionable because it was seized without a warrant (Fourth Amendment violation) and included legal correspondence from his attorneys (First Amendment violation).

Given the obvious security concerns in any penal facility, the Supreme Court has recognized that a prisoner has no right to privacy when it relates to a search and seizure of his property. Hudson v. Palmer, 468 U.S. 517, 526 (1984). The Constitution does not require a warrant when searching a prisoner in a penal facility and seizing his property. As a consequence, the Magistrate Judge was correct when he found no Fourth Amendment violation arising from the loss of plaintiff's mail.

Finally, the Magistrate Judge did express concern over the seizure of plaintiff's legal mail and the potential for abuse of that type of seizure. Nevertheless, any First Amendment right of access claim that might arise from this incident requires a showing of actual injury. Lewis v. Casey, 518 U.S. 343, 349 (1996). The plaintiff has neither pled nor shown that his legal correspondence was used in any way to prejudice a legal matter involving him. Accordingly, the plaintiff has failed to allege a constitutional violation arising from the seizure and loss of his mail.

## III. Conclusion

The Magistrate Judge correctly found no merit in the plaintiff's Motion for Default Judgment. Moreover, no error occurred when he determined that the seizure and loss of the plaintiff's mail did not rise to the level of a constitutional violation.

Accordingly, the Report and Recommendation shall be adopted and approved in all respects.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge